IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD BROWN, IDOC # A01148, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-780-GPM |
| ) | |
| PATRICK J. QUINN, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Ronald Brown, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Menard Correctional Center ("Menard"), brings this action pro se pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights by persons acting under color of state law. Brown's complaint now is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though a court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Brown's operative complaint in this case (Doc. 14), on May 24, 2011, Defendant Lieutenant K. Hunter, an officer of the State Tactical Riot Team ("STRT"), took Brown out of the West Cell House at Menard in handcuffs and turned Brown over to the custody of Defendants R. Davis and J. Simms, who are, like Hunter, officers of the STRT. Brown alleges that Davis and Simms forced him to walk bent-over to the front of the prison church at Menard, where Davis and Simms proceeded to beat Brown. According to Brown, an unknown prison guard, named by Brown in his complaint as a "John Doe" Defendant, attempted to interrogate Brown while Brown was being beaten by Davis and Simms. Brown alleges that Davis and Simms repeatedly threw him against a concrete pavement before taking him to the segregation unit at Menard. Named as Defendants in the case, in addition to Hunter, Davis, Simms, and the "Doe" party who allegedly attempted to interrogate Brown while he allegedly was being beaten by Davis and Simms, are: Patrick J. Quinn, the governor of Illinois; Michael Randle, the former director of the IDOC; Donald Gaetz, the deputy director of the IDOC; David Rednour, the former warden of

Menard; William Spiller, an assistant warden at Menard; Shannis Stock, a former assistant warden at Menard; Salvador A. Godinez, the current director of the IDOC; and a "John Doe" Defendant identified as a lieutenant assigned to the segregation unit at Menard. Brown alleges a violation of his Eighth Amendment rights.

As an initial matter, the Court notes that Brown's complaint is devoid of allegations concerning Quinn, Randle, Gaetz, Rednour, Spiller, Stock, Godinez, and the "Doe" party identified by Brown as a lieutenant assigned to the segregation unit at Menard. However, 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). *See also Burks v. Raemisch*, 555 F.3d 592, 593, 596 (7th Cir. 2009) (citing *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)) ("Section 1983 does not establish a system of vicarious responsibility" and therefore "public employees are responsible for their own misdeeds but not for anyone else's."); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)) ("The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"). Thus, a Section 1983 plaintiff must make allegations that "associate specific defendants with specific claims . . . so [the] defendants are put on notice of the claims brought against them and so they can properly answer the complaint." *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)). Said differently, a Section 1983 plaintiff "cannot state a claim against a defendant

[merely] by including the defendant's name in the caption" of a complaint. *Allen v. Feinerman*, Civil No. 07-cv-805-MJR, 2009 WL 90118, at *2 (S.D. Ill. Jan. 14, 2009) (quoting *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). Brown has not stated a claim for relief against Quinn, Randle, Gaetz, Rednour, Spiller, Stock, Godinez, and the "Doe" party identified by Brown as a lieutenant assigned to the segregation unit at Menard.

The Court turns to Brown's claims against Hunter, Davis, Simms, and the "Doe" party whom Brown alleges attempted to interrogate Brown while Brown allegedly was being beaten by Davis and Simms. When a prisoner brings an excessive force claim, a court's task "is to determine 'whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). "Whether the defendants' actions were done in a malicious and sadistic manner to cause harm is a strict and fairly high threshold. Factors relevant to [the] inquiry include the nature and extent of the harm, the need for force, the threat to the safety of staff and inmates, and the extent of the injury inflicted on the prisoner." *Id*. "Infliction of pain that is 'totally without penological justification' is *per se* malicious." *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004) (quoting *Hope v. Pelzer*, 536 U.S. 730, 737 (2002)). Still, "not every 'malevolent touch by a prison guard' gives rise to a federal cause of action, even if the use of force in question 'may later seem unnecessary in the peace of a judge's chambers.'" *Outlaw v. Newkirk*, 259 F.3d 833, 838 (7th Cir. 2001) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Thus, an excessive force claim "cannot be predicated on a *de minimis* use of force" and "[i]nstead, the quantum of force required for a constitutional violation is that which is 'repugnant to the conscience of mankind.'" *Fillmore*, 358 F.3d at 504 (quoting *Hudson*, 503 U.S. at 10). Importantly,

however, a prisoner claiming excessive force need not establish serious bodily injury, because otherwise the Constitution "would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9. Use of force against an unresisting prisoner violates clearly-established Eighth Amendment standards. *See, e.g., Hill v. Shelander*, 992 F.2d 714, 718-19 (7th Cir. 1993) (denying qualified immunity to a prison guard who allegedly pulled a prisoner physically out of his cell by the prisoner's shoulder and hair, slammed the prisoner's head against the bars of an adjacent cell, and struck the prisoner twice in the face and kneed the prisoner in the groin).

With respect to Kelly, the reasonable inference to be drawn from the allegations of Brown's complaint is that Kelly turned Brown over to the custody of Davis and Simms with knowledge that Davis and Simms were likely to manhandle Brown. According to Brown's complaint, after Kelly turned Brown over to Davis and Simms in handcuffs at the West Cell House at Menard, Davis and Simms forced Brown to walk from the West Cell House to the area in front of the prison church in an uncomfortable, hunched-over position. Also, as a STRT officer, Kelly likely knew that, on the same day that Brown allegedly was assaulted, STRT officers were engaged in assaulting other Menard prisoners in the vicinity of the area where Brown claims he was assaulted, according to the allegations of Brown's complaint. The Court concludes that Brown has stated a claim for relief against Kelly. A state actor may be held liable under 42 U.S.C. § 1983 "if she acts or *fails* to act with a deliberate or reckless disregard of the plaintiff's constitutional rights[.]" *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982) (emphasis added). *See also King v. Cuyler*, 541 F. Supp. 1230, 1235 (E.D. Pa. 1982) ("[L]iability under [Section] 1983 may be imposed upon an official who knowingly acquiesces in the misconduct of others." ). With respect to Davis and Simms, Brown

obviously has stated a claim for relief under the Eighth Amendment. According to Brown, while handcuffed, he was forced by Davis and Simms to walk in an uncomfortable, hunched-over position to the area in front of the prison church at Menard where, Brown alleges, Davis and Simms viciously beat him and threw him repeatedly against a concrete pavement. "[A]n unjustified brutal beating by prison guards is sufficient to state a claim under [Section 1983]." *Butler v. Bensinger*, 377 F. Supp. 870, 878 (N.D. Ill. 1974).[1] With respect to the "Doe" party who allegedly attempted to interrogate Brown while Brown allegedly was being beaten by Davis and Simms, Brown also has stated a claim for relief. "A guard who stands and watches while another guard beats a prisoner violates the Constitution[.]" *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). *See also Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (state actors "who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so" may be liable under Section 1983); *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972) ("[O]ne who is given a badge of authority . . . may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge.").

---

1. Although Brown has stated a claim against Davis and Simms for use of excessive force, it should be pointed out that the fact that Davis and Simms or other STRT officers may have addressed Brown in a racist manner during the alleged beating is not of constitutional significance. *See Antoine v. Uchtman*, 275 Fed. Appx. 539, 541 (7th Cir. 2008) (holding that racist and threatening statements by state prison guards in retaliation for a prisoner's filing of grievances did not violate the prisoner's constitutional right to speak and to petition the government for redress of grievances, and noting that "the Constitution does not compel guards to address prisoners in a civil tone using polite language."); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.") (collecting cases); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause. No more is a derogatory racial epithet.") (citations omitted).

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Brown's complaint fails to state a claim upon which relief may be granted with respect to Defendants Patrick J. Quinn, Michael Randle, Donald Gaetz, David Rednour, William Spiller, Shannis Stock, Salvador A. Godinez, and the "John Doe" party identified by Brown in his complaint as a lieutenant assigned to the segregation unit at Menard. Therefore, Quinn, Randle, Gaetz, Rednour, Spiller, Stock, Godinez, and the "John Doe" party identified by Brown as a lieutenant assigned to the segregation unit at Menard are **DISMISSED with prejudice** from this action. The Court concludes that Brown has stated a claim upon which relief may be granted for use of excessive force in violation of the Eighth Amendment against Defendants K. Hunter, R. Davis, J. Simms, and the party identified by Brown in his complaint as "John Doe interrogator." The Court having determined that Brown may proceed against Hunter, Davis, Simms, and "John Doe interrogator" on his Eighth Amendment claim for use of excessive force, it is hereby **ORDERED** as follows:

1. The Clerk of Court shall prepare for Defendants **HUNTER, DAVIS,** and **SIMMS** (hereinafter, collectively, "Defendants"): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to the place or places of employment of Defendants as identified by Brown. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within thirty (30) days from the date the form was sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

2. It is **further ORDERED** that, if Defendants can no longer can be found at the work address or addresses provided by Brown, the employer or employers shall furnish the Clerk with Defendants' current work address or addresses, or, if not known, Defendants' last-known address or addresses. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk of Court. Address information shall not be maintained in the Court's file or disclosed by the Clerk.

3. It is **further ORDERED** that Brown shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Brown shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

4. Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e. *See* 42 U.S.C. § 1997e(g).

5. Pursuant to SDIL-LR 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

6. Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by SDIL-LR 72.2(b)(2) and 28 U.S.C. § 636(c), **should all the parties consent to such a referral**.

7. With respect to the party identified by Brown in his complaint as "John Doe interrogator," Brown shall have **sixty (60) days** from the date of entry of this Order to attempt to identify this party and to forward identifying information about the party to the Clerk of Court so that the Clerk may effect service on the party. If at the end of the sixty-day period specified in this Order Brown remains unable to identify the party named as "John Doe interrogator," Brown may request a reasonable extension of time to identify the party, or he may request voluntary dismissal of the party from this action without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

8. Finally, Brown is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of Court documents and may result in dismissal of this action for want of prosecution. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: March 27, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge