IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD BROWN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:11-CV-780-NJR-DGW |
| | ) |
| RYAN DAVIS, and JOSHUA SIMMS, | ) |
| | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ronald Brown is an inmate in the Illinois Department of Corrections. His claims of excessive force against Defendants Ryan Davis and Joshua Simms were tried before a jury in January 2015, and the jury found in favor of Defendants. Judgment was entered on January 22, 2015 (Doc. 120).

Now before the Court is the Bill of Costs filed by Defendants Ryan Davis and Joshua Simms on February 11, 2015 (Doc. 121). Defendants seek to have Brown pay $380.00 for deposition transcripts and court reporter fees (*see* Doc. 121). Brown filed an objection and asked the Court to deny the Bill of Costs because he is indigent (Doc. 123).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay. *Id.*; *Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'" *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Rivera*, 469 F.3d at 635 (internal quotations omitted).

Brown is undeniably indigent. He has been continuously incarcerated throughout the course of this litigation. He was granted pauper status when this action commenced, and he has retained that status on appeal (Doc. 9; Doc. 131). According to Brown's trust fund account statement, at the time that Defendants filed their Bill of Costs on February 11, 2015, he had under $15.00 in his account, and his only source of income for the previous six months was his prison job, for which he earned ten dollars or less per month (Doc. 130). Defendants are seeking reimbursement for nearly $400 in costs, and while that sum is not astronomical, it is still substantial when compared with Brown's meager income and total account balance. Accordingly, the Court finds that Brown is incapable of paying Defendants' costs at this time. Furthermore, given that Brown is serving a life sentence, the Court finds that Brown will not be able to pay these costs in the future.

For those reasons, Brown's Objection to Defendants' Bill of Costs (Doc. 123) is **SUSTAINED** and Defendants' Bill of Costs (Doc. 121) is **DENIED**.

IT IS SO ORDERED.

DATED:   March 12, 2015

                                                                                 **s/ Nancy J. Rosenstengel**
**NANCY J. ROSENSTENGEL**
**United States District Judge**